# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association, 111 W. Monroe Street Chicago, IL 60603<br><br>    Plaintiff,<br><br>v.<br><br>VJ'S TOWING SERVICE, INC., an Ohio corporation,<br><br>    Defendant. | Case No.: 3:21-cv-1317 |

## COMPLAINT FOR REPLEVIN

Plaintiff, BMO Harris Bank N.A., by its attorneys, and in support of its Complaint for Replevin (the "Complaint"), states as follows:

## PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), at all relevant times, was and is a national banking association with its main office located in Chicago, Cook County, Illinois. At all times, Plaintiff was and is authorized to transact business in the State of Ohio.

2. Defendant, VJ's Towing Service, Inc. ("Defendant"), is an Ohio corporation with its principal place of business in Perrysburg, Ohio. Defendant can be served with process through its registered agent, William R. Lindsey, at 405 Madison, Toledo, Ohio 43604.

## JURISIDICTION AND VENUE

3. The parties are of diverse citizenship.

4. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

6. This court has personal jurisdiction over the Defendant as Defendant is an Ohio corporation operating a business within the State of Ohio.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located in Wood County, Ohio.

## FACTUAL ALLEGATIONS

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

### The Agreements

9. On or about January 3, 2019, non-party Rocket Transportation, Inc. ("Borrower") entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (together will all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto, the "First Loan Collateral"), and Borrower agreed to repay the indebtedness, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the First Agreement is attached hereto as **Exhibit A**.

10. Plaintiff performed all of its obligations under the First Agreement and did, in fact, finance Borrower's purchase of the First Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff.

11. On or about April 2, 2020, Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement"), with Plaintiff wherein Plaintiff financed Borrower's purchase of the

HB: 4823-9308-1073.3

equipment described therein (together will all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto, the "Second Loan Collateral"), and Borrower agreed to repay the indebtedness, including interest, pursuant to the terms and conditions stated therein.  A true and correct copy of the Second Agreement is attached hereto as **Exhibit B**.

12. Plaintiff performed all of its obligations under the Second Agreement and did, in fact, finance Borrower's purchase of the Second Loan Collateral.  Borrower thereafter began making monthly payments to Plaintiff.

13. The First Agreement and Second Agreement are referred to collectively herein as the "Agreements."

14. The First Loan Collateral and Second Loan Collateral are referred to collectively herein as the "Collateral."

15. Pursuant to the Agreements, Defendant granted Plaintiff a first-priority security interest in the Collateral.

16. Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default.  *See, e.g.*, Exhibit A, ¶ 5.1(a).

**Default under the Agreements**

17. Borrower is in default under the Agreements for its failure to pay the amounts due thereunder.

18. In addition, on December 14, 2020, Borrower filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"), initiating Case No. 20-52337 (the "Bankruptcy Case").  A true and correct copy of the Notice of Bankruptcy Filing is attached hereto as **Exhibit C**.

19. As a result of the Bankruptcy Case, Plaintiff and Borrower negotiated treatment of the Agreements by Borrower during the Bankruptcy Case and entered into a Consent Order Determining Value of Security, Surrendering Certain Collateral, and Granting Administrative Expense Claim (Doc. 125) (the "Consent Order"). A true and correct copy of the Consent Order is attached hereto as **Exhibit D**.

20. Pursuant to the Consent Order, Borrower agreed, among other things, to surrender possession of a portion of the Collateral including, but not limited to, the following vehicles: (i) 2019 Kenworth T680 Series, VIN: 1XKYDP9X8KJ278923, and (ii) 2020 Great Dane 53' Dry Van, VIN: 1GR1P0621LT178548 (together, the "Subject Collateral"). *See* Exhibit D, ¶ 10.

21. Prior to the Bankruptcy Case, Plaintiff properly perfected its security interest in the Subject Collateral by possessing the Certificates of Title and recording its interest as First Lienholder thereon. True and correct copies of the Certificates of Title for the Subject Collateral are attached hereto and incorporated herein as **Exhibit E**.

22. Upon information and belief, the Subject Collateral has been relocated without the knowledge, consent or approval of the Plaintiff to Defendant's business location.

**Defendant's Wrongful Possession**

23. Plaintiff's agents have contacted Defendant to secure and recover the Subject Collateral; however, Defendant has failed or refused to return the Subject Collateral without payment of certain storage fees and an unspecified balance related to the Subject Collateral.

24. On June 2, 2021, Plaintiff, by and through counsel, sent a demand letter to Defendant placing it on notice of the improper and unauthorized possession and directing the tender, release, and surrender of the subject property. A true and correct copy of the June 2, 2021 demand letter is attached hereto and incorporated herein as **Exhibit F**.

HB: 4823-9308-1073.3

25. Despite demand, Defendant has failed or refused to surrender possession of the Subject Collateral to Plaintiff.

26. Defendant has failed to provide proper and timely notice to lienholders of its possession of the property as required by law.

27. Defendant's purported rates for towing and storage exceed that permitted by applicable law.

28. Defendant does not have a possessory lien or other right to possess the Subject Collateral that is superior to the right of Plaintiff to possess the Subject Collateral.

29. Upon best information and belief, the value of the Subject Collateral in Defendant's possession is less than or equal to $113,575.00.

30. Plaintiff will post a bond in the amount of $227,150.00, which is twice the value of the Subject Collateral.

31. All conditions precedent to this cause of action have occurred or have been performed or waived.

## COUNT ONE
### REPLEVIN

32. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

33. Plaintiff is requesting pre-judgment possession of the Subject Collateral and an order authorizing Plaintiff to recover possession of the Subject Collateral.

34. Pursuant to the Agreements, upon Borrower's default thereunder, Plaintiff is lawfully entitled to possession of the Subject Collateral.

35. Plaintiff maintains a perfected first-priority lien on the Subject Collateral.

HB: 4823-9308-1073.3

36. Defendant did not come into possession of the Subject Collateral lawfully or if Defendant did lawfully come into possession of the Subject Collateral, Defendant failed to comply with applicable law necessary to retain a right to possession.

37. Defendant does not have possessory lien in or to the Subject Collateral.

38. Plaintiff's right to possession of the Subject Collateral is superior to that of Defendant.

39. Despite express demand, Defendant has failed and refused to surrender the Subject Collateral to Plaintiff.

40. The Subject Collateral is wrongfully detained by Defendant.

41. According to the best knowledge, information, and belief of the Plaintiff, the reason for Defendant's detention of the Subject Collateral is to wrongfully extract payment from Plaintiff in contravention of the laws of this state.

42. Based upon the best knowledge, information, and belief of Plaintiff, the Subject Collateral was held at Defendant's business premises at 26725 Eckel Rd. Perrysburg, OH 43551-1211.

43. The Subject Collateral has not been taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgment against property of Plaintiff or, if so seized, that it is statutorily exempt from seizure.

44. Plaintiff is prepared to post a bond with sufficient sureties in an amount that is double the approximate value of the Subject Collateral, and to the effect that if judgment should be issued against Plaintiff, Plaintiff will return the personal property at issue to Defendant or pay the value so assessed, at the election of Defendant, and also pay the damages suffered by Defendant

as a result of the taking and detention of, and any injury to, the Subject Collateral and the costs of this action.

WHEREFORE, Plaintiff prays that this Court issue a pre-judgment Order of Possession, against Defendant VJ's Towing Service, Inc., pursuant to Ohio Rev. Code § 2737.01 *et seq.*, as made applicable by Federal Rule of Civil Procedure 64, for the return of the Subject Collateral to Plaintiff's possession, together with such other and further relief as shall be just and equitable.

Dated: July 7, 2021.                              Respectfully submitted,

*/s/ Julie Miceli*
Julie Miceli
Ohio Bar No. 0078257
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
(312) 655-1500
Julie.Miceli@huschblackwell.com
***Attorneys for BMO Harris Bank N.A.***

HB: 4823-9308-1073.3